On the trial the facts, as they appeared from the plaintiff's testimony, were that the millpond of the defendant overflowed the public road, and that there were three hollow bridges over the pond, but by whom erected did not appear; there was, however, no evidence that any of them were erected at the public expense. The road and millpond had, for twenty years, been in the same situation in which they were at the time of trial, and there was no evidence which was first made, unless the fact that the owner of the mill kept the road and bridge in repair furnished evidence that the road was the more ancient. The defendant, at the time of the trial, had owned the mill five years, and it did appear that the proprietor of the mill for the time being and his hands were in the habit of repairing the bridges and road over the millpond and *Page 200 
did not do any other work on the public road, and that the defendant had repaired the bridges since he owned the mill.
A wagon loaded with the plaintiff's goods, in passing, fell through one of the bridges which was not in sufficient repair into the pond, and the goods were damaged by the water. The stream was not fordable if there had been no millpond, but the bridge which broke was not over the channel of the stream, and had there been no pond there would have been no water on that part of the road. The defendant offered no evidence.
The judge left it to the jury to say whether the road or mill was first built, as a fact, and charged that if the mill was first built the defendant was not liable; but if the road was first made, and the mill had occasioned the overflow of that part of the road under the bridge which broke, then the owner of the mill was bound to abate the (351) nuisance or to erect a convenience whereby the citizens might pass in safety. If a bridge was erected and was not in sufficient repair, and the plaintiff sustained an injury in passing it, he was entitled to damages.
There was a verdict for the plaintiff; new trial refused, and from the judgment rendered defendant appealed to this Court.
The objection in this case to the charge of the court is that it ought to have been left to the jury to consider whether the water and the bridge over it through which the wagon fell amounted to a nuisance originally when the bridge was first erected, and ought not to have been assumed as a fact. Because, if it were not originally a nuisance, it was not one at the time the accident happened for which this action is brought. If this conclusion is correct, I admit the judge erred in his charge; but it cannot be admitted. It is true, if a bridge is thrown over a road where it stands in need of it, by an individual, and the road is thereby rendered more convenient for the citizens at large, when that bridge falls into (357) decay that individual is not answerable for a nuisance; but that is not a parallel case. In that case the bridge was not erected for the purpose of covering a nuisance of the party's own creating; in that case the public are not in a worse situation when the bridge rots down than they were before. In the present case the bridge was built to cover and render innocent the water thrown over the road by the defendant's milldam. When the bridge falls into decay it is not as if there was *Page 201 
no water under it. Although innocent at first, it afterwards became a nuisance. If no bridge had been erected over it, it would always have been a nuisance. It cannot be a less one when a useless bridge is over it. These remarks are made upon the ground that the bridge was erected and the milldam built since that road was laid off as a public highway. This fact was submitted to the jury and they have passed upon it. I therefore think it a matter of no consequence whether the bridge, when originally erected, was a nuisance or not. I think it was one at the time when this cause of action happened, and that the rule for a new trial should be discharged.